```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

CHRISTOPHER ALEXANDER BETANCOURTH  :  CIVIL ACTION
                                   :
            v.                     :
                                   :
LEHIGH COUNTY JAIL WARDEN:         :
JANINE DONATE, et al.              :  NO. 17-0288

FILED
JAN 2 6 2017
KATE BARKMAN, Clerk
By _____ Dep. Clerk

**M E M O R A N D U M**

PRATTER, J.                            JANUARY 26, 2017

    Christopher Alexander Betancourth has filed a <u>pro se</u> 42 U.S.C. § 1983 civil rights lawsuit against members of the staff at the Lehigh County Jail. He alleges that he was injured when he slipped and fell in some water leaking from an access panel at the prison.

    The Court grants Mr. Betancourth leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks *an arguable basis either in law or in fact*," <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. <u>Higgs v. Att'y Gen.</u>, 655 F.3d 333, 339 (3d Cir. 2011).

---

[1] However, as Mr. Betancourth is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. See 28 U.S.C. § 1915(b).

I. DISCUSSION

In order to bring suit under § 1983, Mr. Betancourth must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that the defendants have violated Mr. Betancourth's constitutional rights. Even if prison officials were negligent because a leak from an access panel was not repaired for several days, negligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation. See Davidson v. Cannon, 474 U.S. 344, 347 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986). Furthermore, Mr. Betancourth states that he received medical treatment for his injuries immediately after he fell.

II. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Betancourth's complaint as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He will not be given leave to amend because amendment would be futile. An order dismissing this complaint follows.